# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BAMFORTH, ALISE BAMFORTH, JESSICA ENAMORADO, and CYNTHIA LIERA, | Case No.: 2:21-cv-00712-APG-BNW |
| | **Order Granting Motion to Dismiss** |
| Plaintiffs, | [ECF No. 13] |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs John Bamforth, Alise Bamforth, Jessica Enamorado, and Cynthia Liera (collectively, "the insureds") sue State Farm Mutual Automobile Insurance Company (State Farm) for its alleged failure to sufficiently reduce vehicle insurance premiums relative to reduced driving risks during the COVID-19 pandemic.[1]  The insureds argue that, even after providing certain discounts, State Farm's pandemic premiums were "excessive" under Nevada Revised Statutes (NRS) § 686B.050(1).  They allege: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) tortious bad faith; and (4) violation of the Nevada Deceptive Trade Practices Act (NDTPA).  They also seek declaratory relief.

State Farm moves to dismiss all claims, arguing that enforcement of Nevada's insurance code is reserved to the exclusive jurisdiction of the Nevada Division of Insurance (NDOI), the "filed-rate doctrine" bars this lawsuit, and the insureds fail to state plausible claims regardless of administrative bars.  The insureds respond that I have jurisdiction to resolve legal claims

---

[1] The insureds sue on behalf of a putative class comprised of "[a]ll Nevada residents who were automobile insurance policyholders of . . . State Farm as of March 1, 2020, and who have thereafter continued to be State Farm automobile insurance policyholders." ECF No. 2 at 10.

1  regardless of the NDOI's exclusive jurisdiction to enforce the insurance code, they do not

2  challenge any filed rates, and they allege plausible claims for relief.

3      I grant State Farm's motion to dismiss.  The NDOI has exclusive jurisdiction to enforce

4  Nevada's insurance code, and the insureds fail to state any claims that do not rely on their efforts

5  to vindicate a section of the code.  The parties are familiar with the facts, so I discuss them below

6  only insofar as they relate to my decision.

7  **I.**     **ANALYSIS**

8      A properly pleaded complaint must provide a "short and plain statement of the claim

9  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,

10  550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands

11  more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

12  action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  The complaint must set

13  forth coherently "who is being sued, for what relief, and on what theory, with enough detail to

14  guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  "Factual

15  allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

16  U.S. at 555.  To survive a motion to dismiss, a complaint must "contain sufficient factual matter

17  . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation

18  omitted).  A complaint must also be based on a cognizable legal theory. *See Solida v. McKelvey*,

19  820 F.3d 1090, 1096 (9th Cir. 2016) (simplified) ("[D]ismissal can be based on the lack of a

20  cognizable legal theory.").

21      I apply a two-step approach when considering a motion to dismiss.  First, I must accept as

22  true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in

23  the plaintiff's favor. *Iqbal*, 556 U.S. at 678; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48

(9th Cir. 2013) (quotations omitted).  Legal conclusions, however, are not entitled to the same

assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*,

724 F.3d at 1248 (quotation omitted).  Mere recitals of the elements of a cause of action,

supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the factual allegations in the complaint allege a

plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the complaint alleges

facts that allow the court to draw a reasonable inference that the defendant is liable for the

alleged misconduct. *Id.* at 678.  Where the complaint does not permit the court to infer more than

the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the

pleader is entitled to relief." *Id.* at 679 (quotation omitted).  When the claims have not crossed

the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at

570.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the [district] court to draw on its judicial experience and common

sense." *Iqbal*, 556 U.S. at 679.

State Farm argues that all of the insureds' claims arise under NRS § 686B.050(1)'s

prohibition of "excessive" premiums, and that the NDOI has exclusive jurisdiction to enforce

that provision of the insurance code.  The insureds respond that I have jurisdiction to resolve

legal claims.

Under Nevada law, "the NDOI has exclusive original jurisdiction over . . . any matter in

which . . . a party seeks to ensure compliance with the [i]nsurance [c]ode." *Allstate Ins. Co. v.

Thorpe*, 170 P.3d 989, 994 (Nev. 2007).  But NDOI's exclusive jurisdiction "does not foreclose

actions for tortious and contractual bad faith against first-party insurers." *Id.* at 996.  Rather, I

must consider "the substance of the [plaintiffs'] claims," and if issues reserved to the NDOI "are

1  not predominant" then they "are not clearly within the [agency's] exclusive jurisdiction." *Nev.*

2  *Power Co. v. Eighth Jud. Dist. Ct. of Nev. ex rel. Cnty. of Clark*, 102 P.3d 578, 586-87 (Nev.

3  2004) (en banc); *but see Jafbros, Inc. v. Am. Fam. Mut. Ins. Co.*, Nos. 57058, 57524, 2012 WL

4  1142262, at *2-3 (Nev. Apr. 2, 2012) (elaborating that the carve-out does not apply where

5  plaintiffs "incorrectly pigeonhole[] all [their] claims as common law . . . claims even though" the

6  claims clearly rely on issues "committed to the Insurance Commissioner's exclusive

7  jurisdiction").

8       Here the insureds' claims rely wholly on enforcement of NRS § 686B.050(1)'s

9  prohibition of excessive premiums.  Thus, the substance of their claims predominantly concerns

10  an issue over which the NDOI has exclusive jurisdiction.  Absent any basis for their claims

11  (contractual provisions, representations,[2] etc.) other than NRS § 686B.050(1), the NDOI retains

12  exclusive jurisdiction over this dispute.  Thus, the insureds fail to state a cognizable claim over

13  which I have jurisdiction.  While I doubt the insureds can plausibly allege claims against State

14  Farm that are not predominantly couched in provisions of the insurance code, I grant them leave

15  to amend because it should be "freely give[n] . . . when justice so requires." Fed R. Civ. P.

16  15(a)(2).

17  **II.    <u>CONCLUSION</u>**

18       I THEREFORE ORDER that defendant State Farm Mutual Automobile Insurance

19  Company's motion to dismiss **(ECF No. 13) is GRANTED**.

20

---

21  [2] While State Farm allegedly represented to the insureds that it "works hard to offer [them] the
best combination of price, service, and protection," statements of opinion or puffery are not
22  actionable because they are not objectively false. ECF No. 2 at 18; *Or. Pub. Emps. Ret. Fund v.
Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014); *see also, e.g.*, *Bulbman, Inc. v. Nev. Bell*,
23  825 P.2d 588, 592 (1992) (commendatory sales talk is not actionable in fraud).  This is the only
representation pleaded by the insureds that could have served as a basis for its claims.

I FURTHER ORDER that the insureds may file an amended complaint if facts exist to do so.  Failure to file an amended complaint by April 8, 2022 will result in dismissal of this case with prejudice.

DATED this 11th day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE